IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CHAPTER: | 11 |
| | ) | | |
| ANGELIA NICHOLE SHOCKLEY. | ) | CASE NO.: | 19-00138 |
| Debtor. | ) | JUDGE: | HARRISON |
| | ) | | |
| JASON BRUBACHER, with derivative standing on behalf of the bankruptcy estate, | ) | ADV. PROC. | 2:20-ap-90020 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| AMERICAN BANK & TRUST OF THE CUMBERLANDS | ) | | |
| | ) | | |
| Defendant. | ) | | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: OCTOBER 26, 2020**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: NOVEMBER 10, 2020, at 9:00 a.m. by remote call in to 1-888-363-4749, Access Code 4511038#.**

**NOTICE OF MOTION FOR ENTRY OF AGREED ORDER APPROVING COMPROMISE AND SETTLEMENT OF PENDING ADVERSARY PROCEEDING AGAINST AMERICAN BANK & TRUST OF THE CUMBERLANDS**

Jason Brubacher, on behalf of the bankruptcy estate of Debtor Angelia Nichole Shockley ("Mr. Brubacher"), pursuant to the *Order Granting Derivative Standing to Pursue Avoidance Actions* entered on April 17, 2019 (Doc. No. 25) (the "Derivative Standing Order"), has asked the Court for the following relief: To enter the proposed *Agreed Order Approving Compromise and Settlement of Pending Adversary Proceeding Against American Bank & Trust of the Cumberlands*.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: U.S. Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Date: October 2, 2020        Signature: */s/ Henry E. ("Ned") Hildebrand, IV*
                                          Name:     Henry E. ("Ned") Hildebrand, IV
                                          Address:   2416 21st Avenue South, Suite 303
                                                                 Nashville, Tennessee 37212

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CHAPTER: | 11 |
| ANGELIA NICHOLE SHOCKLEY. | ) | CASE NO.: | 19-00138 |
|    Debtor. | ) | JUDGE: | HARRISON |
| | ) | | |
| JASON BRUBACHER, with derivative | ) | | |
| standing on behalf of the bankruptcy estate, | ) | ADV. PROC. | 2:20-ap-90020 |
| | ) | | |
|    Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| AMERICAN BANK & TRUST OF THE | ) | | |
| CUMBERLANDS | ) | | |
| | ) | | |
|    Defendant. | ) | | |

**MOTION FOR ENTRY OF AGREED ORDER APPROVING COMPROMISE AND SETTLEMENT OF PENDING ADVERSARY PROCEEDING AGAINST AMERICAN BANK & TRUST OF THE CUMBERLANDS**

COMES NOW Jason Brubacher on behalf of the bankruptcy estate of Debtor Angelia Nichole Shockley ("Mr. Brubacher"), pursuant to the *Order Granting Derivative Standing to Pursue Avoidance Actions* entered on April 17, 2019 (Doc. No. 25) (the "Derivative Standing Order"), to respectfully move this Court for entry of an agreed order, substantially in the form submitted herewith (the "Order"), approving the resolution of Mr. Brubacher's pending adversary proceeding against American Bank & Trust of the Cumberlands ("ABT") before this Court, Case No. 2:20-ap-90020 (the "ABT Adversary Proceeding"). In support, Mr. Brubacher states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The subject matter of this motion is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H), and (K).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

1. The Debtor filed this bankruptcy case on January 10, 2019 (the "Petition Date"). [Docket No. 1].

2. On April 17, 2019, this Court entered Derivative Standing Order, which granted derivative standing to Mr. Brubacher to pursue, without limitation, all claims and causes of action that the Debtor's bankruptcy estate may have related to the Property. [Docket No. 25].

3. On June 6, 2019, Mr. Brubacher, acting derivatively on behalf of the Debtor's bankruptcy estate, filed an adversary proceeding against the Debtor and Mr. Risher, Case No. 2:19-ap-90110 (the "Risher Adversary Proceeding") seeking a declaration that the transfer of certain real property located at 2088 Buffalo Valley Road, Cookevile, Tennessee (the "Property") from the Debtor to Mr. Risher for no consideration was both actually and constructively fraudulent pursuant to 11 U.S.C. §§ 544, 548, and 550, and Tenn. Code Ann. §§ 66-5-305, 306, and 308. [Docket No. 27; 19-ap-90110 ("Risher") Docket No. 1].

4. On January 24, 2020, this Court entered the *Order Granting Default Judgment Against Angelia Nichole Shockley and Randal Risher* (the "Risher Judgment"). In the Risher Judgment, this Court ordered, among other things, that the title to the Property be divested from Mr. Risher and revested into the Debtor's bankruptcy estate for administration thereby. [Risher Docket No. 23].

5. On February 5, 2020, the Debtor's bankruptcy case was converted to one under chapter 7 of the Bankruptcy Code, with the Erica R. Johnson (the "Trustee") being appointed as the chapter 7 trustee over the Debtor's bankruptcy estate. [Docket No. 44].

6. On February 13, 2020, Mr. Brubacher filed the ABT Adversary Proceeding seeking to avoid ABT's lien against the Property (the "ABT Lien") or otherwise obtain a judgment for the value of the ABT Lien, alleging that ABT is a subsequent transferee of the fraudulently transferred Property without good faith and with knowledge of the fraudulent transfer at the time it acquired the ABT Lien. [Docket No. 48]. The ABT Adversary Proceeding remains pending as of the date of this motion.

7. On September 4, 2020, the Trustee filed a motion to sell the Property (the "Sale Motion"). [Docket No. 84]. In the Sale Motion, the Trustee seeks approval from this Court to sell the Property on the terms therein, with the anticipated closing date being on or before October 9, 2020.

8. On September 18, 2020, this Court entered the *Agreed Order Authorizing Escrow of Mortgage Lien Proceeds Upon Sale of Real Property Pending Resolution of Related Adversary Proceeding* (the "Escrow Order"). [Docket No. 88]. In the Escrow Order, the Court ordered that the sale contemplated in the Sale Motion shall be free and clear of the ABT Lien. The Trustee shall then hold $200,000.00 of the sale proceeds in escrow (the "Escrow Proceeds"), with the ABT Lien to attach to such Escrow Proceeds, pending a resolution of the ABT Adversary Proceeding.

9. Mr. Brubacher now seeks approval from this Court of a comprehensive resolution of the ABT Adversary Proceeding on the terms set forth below and as agreed upon by Mr. Brubacher, ABT, and the Trustee.

## RELIEF REQUESTED

10. Mr. Brubacher, ABT, and the Trustee have agreed to compromise and settle the ABT Adversary Proceeding as follows:

   a. ABT shall have an allowed secured claim against the Debtor's bankruptcy estate, with such claim being secured on the Property or the Escrow Proceeds in the event of the closing of the sale contemplated in the Sale Motion or any other sale of the Property, in the amount of $106,500.00 (the "ABT Secured Claim").

   b. The ABT Secured Claim shall represent the sole and exclusive claim of ABT against the Debtor's bankruptcy estate. ABT shall have no right to assert any claim against the Debtor's bankruptcy estate, whether secured or unsecured, other than the ABT Secured Claim.

   c. The ABT Secured Claim shall be paid to ABT from the Escrow Proceeds, which shall be held upon the closing any sale of the Property, whether through the sale contemplated in the Sale Motion or any subsequent sale in the event the sale contemplated in the Sale Motion does not close for any reason, pending entry of the proposed Order submitted herewith.

11. While Mr. Brubacher believes his theory of recovery on the claims asserted in the ABT Adversary Proceeding is correct, it is Mr. Brubacher's opinion, using sound business judgment, that this proposed settlement is in the best interest of the estate and should be accepted. Specifically, Mr. Brubacher believes that this settlement allows the estate to recover a substantial portion of the assets that could be recovered from ABT through successful litigation in the ABT Adversary Proceeding, while minimizing (a) the risk that ABT is successful at defeating Mr. Brubacher's claims therein and (b) the costs and fees associated with continuing litigation in the ABT Adversary

4

Case 2:19-bk-00138   Doc 97   Filed 10/02/20   Entered 10/02/20 09:28:58   Desc Main
Document    Page 6 of 13

Proceeding that would otherwise be borne by the bankruptcy estate and potentially erode distributions to creditors.

12. For the avoidance of doubt, this settlement relates only to the claims asserted against ABT in the ABT Adversary Proceeding and does not settle or waive any claims against ABT or any other defendant in any other action that may later be asserted on behalf of the bankruptcy estate.

## APPLICABLE AUTHORITY

13. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See, Fishell v. Soltow (In re Fishell)*, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)).

14. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

- the probability of success in litigation;
- the difficulty in collecting any judgment that may be obtained;
- the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attendant to it;
- the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-245 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Barton*, 45 B.R. 225, 227 (M.D. Tenn. 1984); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8

5

F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assoc's.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

15. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved but need only fall "within the reasonable range of litigation possibilities." *In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the [party acting on behalf of the estate]. *Neshaminy Office*, 63 B.R. at 803.

16. Under the circumstances presented here, the Plaintiff (with derivative standing on behalf of the bankruptcy estate) has satisfied the applicable standards.

**WHEREFORE**, Mr. Brubacher requests an Order approving compromise and settlement of the claims asserted in the ABT Adversary Proceeding substantially in the form of the proposed Order submitted herewith; and for such further and other relief as the court deems just and proper.

Respectfully submitted,

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212
615.933.5851
ned@dhnashville.com
*Counsel for Jason Brubacher, with derivative standing on behalf of the bankruptcy estate*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed electronically on October 2, 2020. Notice of this filing is given via regular mail to the United States Trustee, the Debtor, all secured and unsecured creditors as identified in the Debtor's creditor matrix and set forth below, and any party entitled to electronic notice under the Court's CM/ECF electronic filing system.

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212
629.777.6519
gray@dhnashville.com
ned@dhnashville.com
*Counsel for the Jason Brubacher, with derivative standing on behalf of the bankruptcy estate*

| | | |
|---|---|---|
| Advanced Merchant Services<br>One Evertrust Plza Ste 1401<br>Jersey City, NJ 07302-3087 | BARRY J GAMMONS, ESQ<br>209 10th AVE S, STE 525<br>Nashville, TN 37203-7102 | CASH EXPRESS LLC<br>345 SOUTH JEFFERSON AVENUE<br>SUITE 300<br>COOKEVILLE, TN 38501-3456 |
| FEDEX TRADE NETWORKS<br>PO BOX 842206<br>Boston, MA 02284-2206 | Forward Financing<br>100 Summer St., Ste 1175<br>Boston, MA 02110-2138 | IRS<br>CNTRLZD INSOLVENCY OPRTN<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | AMERICAN BANK & TRUST<br>P.O. BOX 40<br>LIVINGSTON, TN 38570-0040 | Your Move Real Estate, LLC<br>4525 Charlotte Ave<br>Nashville, TN 37209-3609 |
| CASH EXPRESS<br>402 E 10TH ST<br>Cookeville, TN 38501-1812 | CashNetUSA<br>175 W Jackson Blvd<br>Suite 1000<br>Chicago, IL 60604-2863 | FOX COLLECTION CENTER<br>C/O CITY OF COOKEVILLE-FINANCE<br>PO BOX 528<br>GOODLETTSVILLE, TN 37070-0528 |

| | | |
|---|---|---|
| GARNER & CONNER<br>PO BOX 5059<br>Maryville, TN 37802-5059 | MCA Recovery LLC<br>17 State St Ste 4000<br>New York, NY 10004-1508 | POPSUGAR Inc.<br>c/o Szabo Associates, Inc<br>3355 Lenox Road NE, Suite 945<br>Atlanta, GA 30326-1357 |
| Erica R. Johnson<br>8161 Highway 100, Suite 184<br>Nashville, TN 37221-4213 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | CASHNET USA<br>175 W JACKSON #1000<br>Chicago, IL 60604-2863 |
| Cookeville Regional Med<br>PO Box 528<br>Goodlettsville, TN 37070-0528 | FOX COLLECTION CENTER<br>C/O PREMIER DIAGNOSTIC<br>IMAGING PO BOX 528<br>GOODLETTSVILLE, TN 37070-0528 | Harris Teas<br>5901 West Side Ave<br>4th Floor<br>North Bergen, NJ 07047-6451 |
| Jason D Brubacher<br>1227 Quail Hollow<br>Cookeville, TN 38501-0843 | Melanie Bean, Attorney<br>137 Public Square<br>Lebanon, TN 37087-2736 | Popsugar<br>111 Sutter St. 15th Fl.<br>San Francisco, CA 94104-4541 |
| SANTANDER<br>PO BOX 961245<br>Fort Worth, TX 76161-0244 | Sinster Resource Group<br>5935 Rivers Ave<br>Charleston, SC 29406-6071 | US BANK<br>PO BOX 5229<br>CINCINNATI, OH 45201-5229 |
| Santander Consumer USA Inc.<br>PO Box 560284<br>Dallas, TX 75356-0284 | SNAP ADVANCES<br>ATTN MARIE BONDARUK<br>1182 W 2400 S<br>WEST VALLEY CITY, UT 84119-8510 | TN CHILD SUPPORT<br>DEPT OF HUMAN SERVICES<br>400 DEADERICK ST 14TH FLOOR<br>NASHVILLE TN 37243-1403 |
| Lefkovitz and Lefkovitz, PLLC<br>618 Church Street, Ste. 410<br>Nashville, TN 37219 | Jason Brubacher<br>2952 Sterline Dr.<br>Loveland, CO 80538 | Angelia Nichole Shockley<br>2088 Buffalo Valley Road<br>Cookeville, TN 38501 |

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CHAPTER: | 11 |
| ANGELIA NICHOLE SHOCKLEY. | ) | CASE NO.: | 19-00138 |
|   Debtor. | ) | JUDGE: | HARRISON |
| | ) | | |
| JASON BRUBACHER, with derivative | ) | | |
| standing on behalf of the bankruptcy estate, | ) | ADV. PROC. | 2:20-ap-90020 |
| | ) | | |
|   Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| AMERICAN BANK & TRUST OF THE | ) | | |
| CUMBERLANDS | ) | | |
| | ) | | |
|   Defendant. | ) | | |

**AGREED ORDER APPROVING COMPROMISE AND SETTLEMENT OF PENDING ADVERSARY PROCEEDING AGAINST AMERICAN BANK & TRUST OF THE CUMBERLANDS**

THIS MATTER IS BEFORE THE COURT upon the *Motion for Entry of Agreed Order Approving Compromise and Settlement of Pending Adversary Proceeding Against American Bank & Trust of the Cumberlands* (the "Motion") filed by Jason Brubacher on behalf of the bankruptcy estate of Debtor Angelia Nichole Shockley ("Mr. Brubacher"), pursuant to the *Order Granting Derivative Standing to Pursue Avoidance Actions* entered on April 17, 2019 (Doc. No. 25) (the "Derivative Standing Order"). Any capitalized term not specifically defined herein shall have the meaning ascribed to it in the Motion.

Notice having been given of the Motion pursuant to 11 U.S.C. § 105, Fed. R. Bankr. P. 9019, and Local Rule 9013-1, and no party in interest having timely filed an objection, the Court

is satisfied that the relief herein is appropriate under the circumstances. Accordingly, it is hereby ORDERED as follows:

1. The Plaintiff, with derivative standing on behalf of the Debtor's bankruptcy estate, in the proper exercise of business judgment, has determined that the relief afforded herein is in the best interest of the bankruptcy estate and the Debtor's creditors.

2. The Motion is hereby GRANTED.

3. American Bank & Trust of the Cumberlands ("ABT") shall be deemed to have an allowed secured claim against the Debtor's estate, which shall be secured on the real property located at 2088 Buffalo Valley Road, Cookeville, Tennessee 38501 (the "Property"), in the amount of $106,500.00 (the "ABT Secured Claim").

4. The ABT Secured Claim shall represent the sole and exclusive claim of ABT against the Debtor's bankruptcy estate. ABT shall have no right to assert any claim against the Debtor's bankruptcy estate, whether secured or unsecured, other than the ABT Secured Claim.

5. The ABT Secured Claim shall be paid to ABT upon the Trustee's receipt of proceeds from the closing any sale of the Property, whether through the sale contemplated in the Chapter 7 Trustee's pending motion to sell the Property (the "Sale Motion") (*See* Docket No. 84) or any subsequent sale in the event the sale contemplated in the Sale Motion does not close for any reason.

IT IS SO ORDERED.

---

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

---

2

Case 2:19-bk-00138    Doc 97    Filed 10/02/20    Entered 10/02/20 09:28:58    Desc Main
Document      Page 12 of 13

APPROVED FOR ENTRY:

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212
615.933.5851
ned@dhnashville.com
*Counsel for Jason Brubacher,*
*with derivative standing on behalf of the bankruptcy estate*

/s/ Bret Chaness
Bret Chaness
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
770.246.3300
bchaness@rlselaw.com
*Counsel for American Bank & Trust of the Cumberlands*

/s/ Erica R. Johnson
Erica R. Johnson
ERICA R. JOHNSON, ATTORNEY AT LAW, PLLC
8161 Highway 100, Suite 184
Nashville, TN 37221
615.347.5869
erica@erjlaw.com
*Chapter 7 Trustee*